IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cr-20077-JTF-1 |
| | ) | |
| MACK MATTHEWS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant Mack Matthews' Motion to Suppress, filed on September 17, 2021. (ECF No. 29.) The Motion was referred to Magistrate Judge Charmiane G. Claxton on September 24, 2021. (ECF No. 30.) The Magistrate Judge held an evidentiary hearing on November 8, 2021 (ECF No. 32) and issued a Report and Recommendation to Deny Defendant's Motion to Suppress on December 8, 2021. (ECF No. 37.) Defendant filed his Objections to the Report and Recommendation on December 22, 2021, and the United States filed its Response to Defendant's Objections on January 5, 2021. (ECF Nos. 38 & 39.) For the reasons provided herein, the Courts **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Defendant's Motion to Suppress.

**LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28

1

U.S.C. § 636(b)(1)(A).  Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B).  Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation.  Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge.  *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard.").  Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review.  *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992).  Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge.  *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *See also* 28 U.S.C. § 636(b)(1).  The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions."  *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015).  A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  *Brown*, 47 F. Supp. 3d at 674.  The district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## **FINDINGS OF FACT**

In the Report and Recommendation, the Magistrate Judge sets forth proposed findings of fact based on evidence presented during the evidentiary hearing held on November 8, 2021. (ECF No. 37, 2–6.) Defendant concedes that the majority of the Magistrate Judge's proposed findings of fact are undisputed. (ECF No. 38, 3.) Although it is unclear, it seems as though Defendant does not make any factual objections. First, Defendant does not specifically object to Trooper Mazique's testimony with respect to his reasons for performing the pat-down. Defendant only argues that Trooper Mazique could not have reasonably suspected that Defendant was armed and dangerous. (*Id.*) It does not appear that the Magistrate Judge included in her Proposed Findings of Fact that Trooper Mazique reasonably suspected that the Defendant was armed and dangerous. Second, Defendant acknowledges Trooper Mazique's testimony regarding the consent to pat-down, but then argues that Trooper Mazique's testimony is inconsistent with other evidence.[1] (*Id.*) Defendant asserts the audio/video recordings do not support Trooper Mazique's testimony. (*Id.*) Again, this does not appear to be an objection to the Magistrate Judge's proposed factual findings. Because the Defendant does not make any factual objections, the Court adopts and incorporates the proposed findings of fact of the Magistrate Judge.

## **ANALYSIS**

At issue is whether the police officer violated Defendant's Fourth Amendment right against unreasonable searches and seizures when the police officer discovered a Hi-Point .40 caliber pistol (hereinafter, the "firearm") on Defendant's person during the pat-down. Defendant also objects to the Magistrate Judge's reliance on *U.S. v. Kennedy*, 61 F.3d 494, (6th Cir. 1995), concluding the

---

[1] The Affidavit of Complaint placed into evidence states "a vehicle search revealed a Paul Mason bottle in close proximity of the driver in the center arm rest console." (ECF No. 36, *See* Hearing Exhibit No. 1; Affidavit of Complaint) This suggest that the Paul Mason bottle was in the officer's plain view to trigger probable cause.

firearm was not subject to suppression because it would have been inevitably discovered due to Mr. Matthews subsequently being placed under arrest for driving under the influence. (ECF No. 38, 3.)  Defendant also requests a hearing in the event that the Court denies Defendant's Motion to Suppress.  (*Id.* at 5.)

Pat-Down Encounter

Under the Fourth Amendment, a *Terry* stop must be supported by a reasonable, articulable, and objective suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *United States v. Avery*, 137 F.3d 343, 352 (6th Cir. 1997). "A reasonable suspicion exists when, based on the totality of the circumstances, a police officer has a particularized and objective basis for suspecting that particular person of criminal activity." *United States v. Gross*, 662 F.3d 393, 399 (6th Cir. 2011) (citations and internal quotation marks omitted.)  A mere hunch is insufficient to justify an investigative detention.  (*Id.*)  A *Terry* stop is a type of search only permitted for ensuring the safety of the officer and others around him, and the search must be confined in scope to an intrusion reasonably designed to discover guns or other hidden instruments for the assault of the police officer." *Terry*, 392 U.S. at 29.  During an investigative detention, an officer may perform a pat-down if one of two criteria is met: (1) there is reason to believe the police officer is dealing with an armed and dangerous individual (*Id.* at 27); or (2) the individual voluntarily provides his consent. *United States v. Winfrey*, 915 F.2d 212, 218 (6th Cir. 1990) (citing *United States v. Mendenhall*, 446 U.S. 544, 558 (1980)).

At the evidentiary hearing, Trooper Mazique testified that Defendant consented to the pat-down.  Trooper Mazique further testified, which the Dash Video showed, Defendant removing items from his pockets.  Defendant's removal of the items from his pockets circumstantially verifies that Defendant acknowledged that a pat-down was about to happen. The Magistrate

Judge's Report and Recommendation states that Trooper Mazique testified to the smell of an intoxicant on Defendant's breath and person and that Defendant's eyes were red and watery. (ECF No. 37, 8.) Based on these observations, the Court agrees that Trooper Mazique had reasonable and articulable suspicion that Defendant was operating the vehicle under the influence, a violation of Tennessee law. Trooper Mazique was then justified in taking additional investigative steps to determine if the Defendant had in fact operated the vehicle while under the influence of alcohol.

Based on Trooper Mazique's suspicions, sobriety testing needed to be conducted. However, due to safety concerns, Trooper Mazique could not perform the sobriety testing where Defendant's vehicle ran off the road. As a result, Trooper Mazique asked the Defendant to consent to a pat-down so that Trooper Mazique could transport Defendant in his patrol car to a safe location. The Court finds Trooper Mazique's pat-down of Defendant before placing the Defendant in his patrol car was reasonable since transport of the Defendant was necessary and the pat-down was done for safety reasons. The Court agrees with the Magistrate Judge's recommendation that "none of Trooper Mazique's actions in detaining Defendant upon suspicion of driving under the influence or patting down Defendant based upon his consent ran afoul of the Fourth Amendment." (ECF No. 37, 8.)

Defendant objects, arguing that performing a pat-down of an individual before placing the individual in the back of a patrol car is not a required practice under General Order 300[2]. (ECF No. 38, 4.) Defendant argues this practice violates the Fourth Amendment if the person is not lawfully detained or placed under arrest. (*Id.*) Defendant asserts Trooper Mazique only suspected that Defendant had been driving under the influence and the suspected offense does not typically

---

[2] As the Magistrate Judge points out, "General Order 300 was discussed at the evidentiary hearing but was not introduced as an exhibit at that time." (ECF No. 37, 6.) However, at the request of Defendant's Counsel to supplement the record following the evidentiary hearing, General Order 300 was designated as Exhibit 3 after being sent to the Magistrate Judge by email. (*Id.*)

5

involve the use of a weapon, so there would have to be another justification for the *Terry* frisk. *State v. Winn*, 974 S.W.2d 700, 703-704 (Tenn. Crim. App. 1998). The Court agrees and finds that another justification for the *Terry* frisk existed—Defendant's consent to the pat-down. As noted above, Trooper Mazique was justified in asking for Defendant's consent due to Defendant's intoxicated state while operating a vehicle in violation of Tennessee law and the need to perform additional tests at a safe location.[3] Accordingly, the Court agrees with the Magistrate Judge's Report and Recommendation that Trooper Mazique's actions in detaining Defendant upon suspicion of driving under the influence and performing a pat-down of Defendant based on consent were not in violation of the Fourth Amendment.

Inevitable-Discovery Exception

The Magistrate Judge determined the inevitable-discovery exception to the warrant requirement applies when "the government can demonstrate either the existence of an independent, untainted investigation that inevitably would have uncovered the same evidence or other compelling facts establishing the disputed evidence would have been discovered." *Kennedy*, 61 F.3d at 498. "The exception requires the district court to determine, viewing affairs as they existed at the instant before the unlawful search, what would have happened had the unlawful search never occurred." *Id.* (citations and internal quotation marks omitted).

The Magistrate Judge recommended that even if the pat-down performed on Defendant was determined to be unconstitutional, which the Magistrate Judge does not think so, the inevitable-discovery exception to the warrant requirements would apply such that the recovery of the firearm was constitutionally permissible. (ECF No. 37, 9.) Additionally, Defendant's Motion to Suppress argues any evidence during the course of investigation—including any statement that may have

---

[3] It was later determined that Defendant's blood alcohol content of .10 was above the legal limit—which confirms that Defendant was driving under the influence. (ECF Nos. 37, 6 & 8.)

been given—should be suppressed as the fruit of the poisonous tree under *Wong Sun v. United States*, 371 U.S. 471 (1963).

The Magistrate Judge further recommended that because no constitutional violation occurred, no evidence should be suppressed under that doctrine. (ECF No. 37, 9.)  Specifically, the Magistrate Judge found that had Trooper Mazique not performed the pat-down when he did, field sobriety tests would have eventually been performed, and would have shown that Defendant was intoxicated. (*Id.*) Trooper Mazique testified that "at the time he would have placed Defendant under arrest for violating Tennessee law that he would have searched Defendant's person incident to arrest." (*Id.*)  Therefore, the facts and evidence show that Trooper Mazique would have inevitably arrested Defendant for violating Tennessee law and Defendant would have been searched incident to that arrest.  Discovery of the firearm on Defendant's person was inevitable.

The Court agrees with the Magistrate Judge's Report and Recommendation that Defendant's consent to the pat-down and detention were objectively reasonable, and that the government demonstrated the existence of an independent, untainted investigation that would have uncovered the same evidence.  Accordingly, Defendant's Motion to Suppress is **DENIED**.

Defendant's Request for Hearing

Defendant requests—should his Motion to Suppress be denied—that the Court "hold an evidentiary hearing and make findings pursuant to *United States v. Moore*, 936 F.2d 287, 289 (6th Cir. 1991)."  (ECF No. 29, 7.)  However, *Moore* stands for the simple proposition that "[e]ssential findings on the record are necessary to facilitate appellate review."[4]  936 F.2d at 289 (citing *United States v. Prieto-Villa*, 910 F.2d 601, 610 (9th Cir. 1990)).  The dispositive question in this case, as

---

[4] In *Moore*, the district court denied the defendant's motion to suppress through a "margin entry."  936 F.2d at 288. The district court never provided a statement of its factual and legal findings.  *Id.*  Through this Order, this Court provides its findings of fact and conclusions of law.

7

explained above, is whether the police officer's pat-down of Defendant before the arrest, which discovered the firearm, was objectively unreasonable forming the basis for the objection to the search.  A full evidentiary hearing was held before the Magistrate Judge.  (ECF No. 35.)  Because Defendant does not point to evidence from which the Court could find that Defendant's Fourth Amendment rights were violated, further hearing on Defendant's Motion to Suppress is unnecessary.  *See United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *See also United States v. Mitchell*, No. 10-20299, 2012 U.S. Dist. LEXIS 50891, at *10–11 (W.D. Tenn. Apr. 10, 2012) ("When a magistrate's findings and recommendations rest upon the evaluation of the credibility of a witness, the district court is not required to rehear the testimony in order to conduct a *de novo* determination of the issues.").  Accordingly, Defendant's request for an evidentiary hearing is **DENIED**.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.  Therefore, Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED** this 2nd day of March, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE